IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ALICIA M. YARBOROUGH; ALICIA M.    )
MARSH; and ASHLEY C. YARBOROUGH,   )
                                   )
            Plaintiffs,            )
                                   )  CIVIL NO. 1:04CV00888
       v.                          )
                                   )
BURGER KING CORPORATION; SANDHILLS )
FOODS CORPORATION[1] d/b/a Burger  )
King of Siler City, NC; RICK QUINN,)
individually and in his capacity as)
President of Sandhills Foods, Inc.;)
MICHAEL HOWARD, individually and in)
his capacity as Manager, Burger    )
King, Siler City, NC; and MICHAEL  )
SANDERS, in his capacity as        )
District Manager of Burger King,   )
                                   )
            Defendants.            )

MEMORANDUM OPINION

BULLOCK, District Judge

FACTS

Plaintiffs Alicia M. Yarborough, Alicia M. Marsh and Ashley C. Yarborough ("Plaintiffs") are African-Americans who were employed in 2003 at the Burger King restaurant in Siler City, North Carolina. Plaintiffs filed an EEOC complaint against Defendant Sandhills Foods, Inc., alleging discrimination in

---

[1] The proper name of this party is Sandhills Foods, Inc.

Case 1:04-cv-00888   Document 16   Filed 12/22/05   Page 1 of 10

violation of Title VII of the Civil Rights Act.[2]  The EEOC mailed Plaintiffs and their counsel a Dismissal and Notice of Rights letter on June 25, 2004, stating, "You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice;** or your right to sue based on this charge will be lost."  (Compl. Ex. A.)  There is no evidence in the record to establish when Plaintiffs or their lawyer received the notice.  However, Plaintiffs admit "the 90-Day period of time for Plaintiffs filing a complaint expired on September 27, 2004."  (Mot. for Ext. of Time ¶ 3.)  Defendants do not dispute Plaintiffs' calculation of the deadline.

On September 29, 2004, Plaintiffs filed their complaint in this court alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), the "Equal Pay Act of 1964," and state law.  On the same date, Plaintiffs filed a Motion for Extension of Time to File Complaint.  That motion stated, "Plaintiffs' Attorney, James L. Griffin has been and still is, severely ill with Chronic Obstructive Pulmonary Disease (COPD) from approximately September 12, 2004."  (Mot. for Ext. Time ¶ 4.)  Plaintiffs

---

[2] The record is unclear as to what charges were brought before the EEOC.  Plaintiffs allege that they filed EEOC charges of "race, age and/or disability discrimination."  (Compl. ¶ 4.)  However, Defendants state that Plaintiffs' EEOC charges were based on "race, sex and retaliation."  (Br. Supp. Defs.' Mot. Dismiss pp. 2-3.)  The parties agree, however, that the EEOC charges were pursuant to Title VII.

further explained that Mr. Griffin "was recently admitted to the hospital for intensive treatment in Chapel Hill, NC since Wednesday, September 22, 2004," and was discharged "on the afternoon of September 27, 2004."  (Mot. for Ext. Time ¶¶ 5-6.) Finally, it states Mr. Griffin's illness has "caused him to be unable to continue his normal work and duties as Attorney of Record for this case" and "Plaintiffs are filing their complaint as if it were a pro se filing at this time."  (Mot. for Ext. Time ¶¶ 9-10.)  Nevertheless, Mr. Griffin signed the late pleadings as Plaintiffs' attorney of record.

On April 27, 2005, Defendants[3] filed a motion to dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.  Defendants argue that because the complaint was not filed within ninety (90) days of Plaintiffs' receipt of the EEOC notice as required by 42 U.S.C. § 2000e-5(f)(1), this court lacks subject matter jurisdiction over the Title VII claims and the complaint fails to state a claim upon which relief can be granted.  They further argue that Plaintiffs have not stated a claim under the Equal Pay Act.  Defendants urge this court to dismiss the federal claims pursuant to Rule 12 and the pendent state claims pursuant to 28 U.S.C. § 1367(c)(3).

---

[3] Defendant Burger King Corporation has not entered an appearance in this case and did not join in this motion. Defendant Michael Howard, in his individual capacity, is represented by separate counsel and filed a separate motion to dismiss on May 5, 2005.  Howard's motion asserts the same grounds, except for the timeliness arguments.

3

On May 20, 2005, Plaintiffs filed a response to Defendants' motion to dismiss, which offered further explanation of Mr. Griffin's illness.[4] Plaintiffs admitted that Mr. Griffin "had been experiencing several chest/lung/breathing problems over the summer of 2004 with increasing frequency" and that, in the weeks preceding Mr. Griffin's hospitalization, "he had cut back his work schedule considerably." (Pls.' Resp. to Mot. to Dismiss, p. 2.)[5] On the same day, Plaintiffs filed a Motion for Leave to Amend the Amended Complaint,[6] seeking to dismiss Burger King Corporation, "clarify the relief sought and against whom relief is sought," and "add an[] additional count against Defendant Michael Howard." (Resp. to Def. Howard's Mot. in Opp'n to Pls.' Mot. to Amend Compl., pp. 2-3.)

This matter is now before the court on Plaintiffs' Motion for Extension of Time to File Complaint, Defendants' Motion to Dismiss, Defendant Howard's Motion to Dismiss, and Plaintiffs' Motion for Leave to Amend the Amended Complaint. For the following reasons, the court will deny Plaintiffs' Motion for Extension of Time and grant Defendants' Motions to Dismiss.

---

[4] Defendants' Motion to Dismiss included an argument to dismiss the individual Defendants on the grounds that Plaintiffs had failed to demand judgment against any of them. Plaintiffs did not respond to Defendants' argument on this point, other than by filing an Amended Complaint and a Motion to Amend the Amended Complaint.

[5] Plaintiffs have provided no support or verification for counsel's allegations of illness, other than his signature on the pleadings.

[6] Plaintiffs filed an Amended Complaint on January 26, 2005.

4

Plaintiffs' Motion for Leave to Amend the Amended Complaint will be rendered moot.

DISCUSSION

I. <u>Title VII Claims Dismissed</u>

Plaintiffs admit they filed their action late. They seek to avoid the consequences of that lapse by having this court apply the equitable remedy of tolling. It is the court's duty to strictly uphold the time limitations set forth by Congress and to apply equitable tolling only "sparingly." <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990). "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." <u>Baldwin County Welcome Ctr. v. Brown</u>, 466 U.S. 147, 152 (1984).

In the Fourth Circuit, equitable tolling is applied in two distinct kinds of situations: (1) where plaintiffs were prevented from asserting their claims by some wrongful conduct by the defendant, and (2) where "extraordinary circumstances beyond the plaintiffs' control made it impossible to file the claims on time." <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000). Plaintiffs here attempt to fit their case into the second situation. However, the difficulties presented by Mr. Griffin's illness did not make it "impossible" for Plaintiffs to file on time and equitable tolling is not appropriate.

Plaintiffs' admission that Mr. Griffin's illness was worsening throughout the summer of 2004 shows that he and the Plaintiffs were on notice that his health was not good. Plaintiffs procrastinated in filing suit, despite Mr. Griffin's worsening illness, and simply ran out of time. Counsel's failure to initiate suit timely or find substitute counsel for Plaintiffs cannot be overlooked. Similarly, Plaintiffs cannot escape the consequences of their decision to continue to rely on Mr. Griffin to represent them.

Illness is rarely valid grounds for the application of equitable tolling. Wells v. Christian Hosp., 110 F. App'x 738, 739, 2004 WL 2291382 (8th Cir. 2004) (neither plaintiff's illness nor his lack of counsel justifies equitable tolling of limitations period in ADA suit); Modrowski v. Mote, 322 F.3d 965, 966, 968 (7th Cir. 2003) (affirming district court's rejection of tolling argument where counsel claimed "a series of physical and mental ailments prevented him" from filing on time); United States v. Taylor, 22 F. App'x 226, 227, 2001 WL 1545911 (4th Cir. 2001) (untimely and conclusory allegations of illness are insufficient to equitably toll the statute of limitations) (citing Harris); Kramar v. Aramark Corr. Servs. Inc, 242 F.3d 366, 2000 WL 1843219, at *1 (2d Cir. 2000) (no equitable tolling where plaintiff's poor health made timely filing difficult, but did not prevent it); Gruber v. Unum Life Ins. Co. of Am, 195 F. Supp. 2d 711, 716 (D. Md. 2002) (attorney illness and hospitalization no excuse for late filing). Permitting illnesses

6

to trump statutory time limitations would set dangerous precedents and would likely disrupt the efficient administration of justice.

Moreover, Plaintiffs themselves had the EEOC notice, which clearly set forth the ninety-day deadline. "The ninety day notice period itself is clear evidence that Congress intended to require claimants to act expeditiously, without unnecessary delay." Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987). Plaintiffs could and should have been diligent in their efforts to ensure their complaint was filed on time. Baldwin County, 466 U.S. at 151 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); Chao v. Virginia Dep't of Transp, 291 F.3d 276, 283 (4th Cir. 2002) ("Equitable tolling is not appropriate . . . 'where the claimant failed to exercise due diligence in preserving his legal rights.'") (citing Irwin, 498 U.S. at 96); Cantrell v. Knoxville Cmty. Dev. Corp, 60 F.3d 1177, 1180 (6th Cir. 1995).

There is no doubt that Mr. Griffin's hospitalization made it more difficult for Plaintiffs to file on time, but not "impossible." There is no evidence that any of the three Plaintiffs were ill or otherwise incapacitated. They were not required to rely on Mr. Griffin to represent them. But having so chosen, they are bound by his actions and "equity will not disadvantage one party, who is entitled to rely on the mandated appeals procedures, in order to mitigate the negligence of the

7

other party's freely-chosen attorney." Gayle v. United Parcel Serv., Inc., 401 F.3d 222, 227 (4th Cir. 2005) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent . . . .") (citing Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962)); Modrowski, 322 F.3d at 968 ("attorney misconduct, whether labeled negligent, grossly negligent, or willful, is attributable to the client").

There is no evidence in the record to show that Plaintiffs made any independent effort to safeguard their right to file. Although Mr. Griffin's illness was an inconvenience to Plaintiffs, the court cannot allow "circumstances of individualized hardship [to] supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330. Accord Gayle, 401 F.3d at 226. Equitable tolling is inapplicable here.

## II. Equal Pay Act Claims Dismissed

Although the Amended Complaint is somewhat unclear, Plaintiffs appear to assert claims pursuant to The Equal Pay Act of 1963, 29 U.S.C.A. § 206(d) (1998) ("The Equal Pay Act")[7]. The Equal Pay Act prohibits wage discrimination on the basis of sex;

---

[7] The Complaint and Amended Complaint mistakenly invoke the "Equal Pay Act of 1964," without any statutory reference.

8

it does not address racial discrimination.  Plaintiffs have alleged that they were paid less than Hispanic employees, but have not alleged that the wage difference was based on sex. Plaintiffs have not even alleged that the Hispanic workers who were paid more than Plaintiffs were male.  Accordingly, they have not stated a claim under The Equal Pay Act and any purported claims will be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

III. <u>Pendent State-Law Claims Dismissed Without Prejudice</u>

Plaintiffs' remaining claims arise under state law.  The court lacks original jurisdiction over those claims.  Because all federal claims will be dismissed, supplemental jurisdiction is not available.  Accordingly, Plaintiffs' state law claims will be dismissed without prejudice.  28 U.S.C. § 1367(c)(3); <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966).

CONCLUSION

For the foregoing reasons, equitable tolling is not appropriate in this case.  Plaintiffs' Title VII claims will be dismissed as untimely.  Any and all claims Plaintiffs assert under the Equal Pay Act will be dismissed pursuant to Rule 12(b)(6).  Plaintiffs' remaining state-law claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

9

Plaintiffs' Motion for Leave to Amend the Amended Complaint will be moot.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

December 22, 2005

/s/ Frank W. Bullock, Jr.
United States District Judge